93 So.2d 659

Anthony MODICA

v.

EMPLOYERS CASUALTY COMPANY et al.

No. 42801.

Jan. 21, 1957.

Rehearing Denied Feb. 25, 1957.

Joseph R. Bethards, Hayes & Leach, Shreveport, for plaintiff-appellant.

Jackson, Smith, Mayer & Kennedy, Simon & Carroll, Shreveport, for defendants-appellees.

FOURNET, Chief Justice.

This suit was instituted by Anthony Modica, the owner of a brick building in Bossier City, La., fronting on U. S. Highway 71, housing two stores and a residence in rear, for alleged damage to the structure in the month of September, 1953, when (according to the allegations of the petition) the defendant Triangle Pipeline Company, in order to facilitate the placing of a pipeline across and under the roadbed of U. S. Highway 71 at its intersection with a cross street named Anthony Street—the

plaintiff's building occupying the southeast corner of the said intersection—excavated a ditch some fourteen feet in depth down the middle of Anthony Street, and the powerful equipment used in performing the work and in ramming the sections of pipe through the earth under the roadbed as well as beneath the railroad tracks paralleling the highway on the far side, a total distance of about 225 feet, caused such violent tremors that the plaintiff's building and its foundations were caused to vibrate, resulting in damage, though such was not immediately apparent; that in the month of August, 1954, it was first observed that cracks and crevices had opened in the exterior and interior walls, and that the building had settled at the corner and side adjacent to the area where the work was done; and that since the date of discovery the damage had become gradually worse, to the extent that at the time suit was filed on March 15, 1955, necessary repairs would cost $7,355, and permanent damage to the structure was estimated at $10,000, making a total claimed of $17,355.

A plea of prescription liberandi causa of one year, under Civil Code Article 3536,[1] filed by the defendants, Triangle Pipeline Company and Employers Casualty Company, its liability insurer, having been overruled, they answered, denying all allegations of fact, including the assertion that the Pipeline Company had been engaged in placing a pipeline under the roadbed. Trial on the merits was begun, and at the conclusion of the introduction of evidence by the plaintiff the defendants again filed and urged a plea of prescription and filed an exception of no cause or right of action; the former was overruled but the exception of no right of action was maintained and plaintiff's suit was dismissed. He has appealed from that judgment, and defendants have answered the appeal, reurging the plea of prescription and the exception of no cause of action.

The trial judge, in maintaining the exception of no right of action and dismissing plaintiff's suit, found as a fact that the evidence in the record failed to establish with that degree of certainty required by law that the defendant Pipeline Company was liable for the damaged condition of plaintiff's building, observing that there had been no evidence which could form the basis for a judgment against defendants.

Counsel for plaintiff argues in brief that the evidence adduced proves that in the year 1953 the work of driving a pipeline

1. Article 3536, Louisiana Civil Code, declares: "The following actions are also prescribed by one year: That for * * * damages * * * resulting from offenses or quasi offenses. * * * " Article 3537 provides that "The prescription mentioned in the preceding article runs: * * * from the day * * * on which the injurious * * * disturbance or damage were sustained. * * * "

under U. S. Highway 71 in the vicinity of plaintiff's premises was carried on; that the method used was such as to cause vibration of the surrounding ground and buildings which could have caused the foundation of plaintiff's building to shift and sink; and contends that in as much as the plaintiff, in observing the work being done, noted that some equipment bearing the defendant's name was used on the project, along with equipment belonging to the Snelling Company, a prima facie case against the defendant has been made; and that the burden then shifted to the defendant to prove its lack of liability. While plaintiff originally labeled defendant Pipeline Company a joint tort feasor together with other parties who may have been involved in the operation, claiming that as such it may be sued separately, in a supplemental brief he urges that the defendant is liable for damages under Article 667 of the Louisiana Civil Code [2] on the theory of "absolute liability" regardless of fault; and contends that the plea of prescription, reasserted on oral argument here by defendants' counsel, is not applicable because the damage complained of was not known to exist until August of 1954, so that it was only then that prescription began to run, and this suit, instituted in March of 1955, was well within the year.

After reading the evidence we agree with the trial judge's conclusion that the plaintiff has failed to bear the burden of establishing the defendant's responsibility for the damages plaintiff has sustained. It necessarily follows, therefore, that whether his cause be founded in tort or on Article 667 of the Civil Code is immaterial.

The plaintiff, relying on certain Court of Appeal decisions holding in effect that proof of ownership of a motor vehicle at fault in an accident creates an inference of responsibility on the owner, argues that he has made a prima facie case here since the evidence shows that vehicles and equipment marked "Triangle Pipeline Company" were on the scene where the work was being performed and assisted in the operations; and in as much as the defendant has not rebutted this presumption, he, the plaintiff, is entitled to recover. The fallacy of this argument lies in the failure of plaintiff to establish the fault of the vehicle or the owner, according to the findings of the trial judge—with which we are in accord.

The conclusion reached on the merits makes it unnecessary to discuss the plea of prescription reurged here by defendants.

For the reasons assigned, the judgment appealed from, in so far as it dismisses the plaintiff's suit, is affirmed.

HAMITER, J., concurs in the decree.

---

2. "Although a proprietor may do with his estate whatever he pleases, still he can not make any work on it which may deprive his neighbor of the liberty of enjoying his own, or which may be the cause of any damage to him."